**LAW OFFICE OF IRENE KARBELASHVILI**
Irene Karbelashvili, State Bar Number 232223
Irakli Karbelashvili, State Bar Number 302971
12 South First Street, Suite 413
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for JOHNNY WALLS, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHNNY WALLS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THE COUNTY OF SANTA CLARA, a California municipal corporation; and DOES 1-10, Inclusive,<br><br>　　　　　Defendants. | Case No. 16-cv-6963<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1.　　Plaintiff Johnny Walls ("Mr. Walls" or "Plaintiff") seeks injunctive relief; statutory damages; attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 (the "ADA"), California Unruh Civil Rights Act, California Disabled Persons Act against Defendant County of Santa Clara, a California municipal corporation, and Does 1-10, inclusive (collectively "Defendants"), the owners and operators of a facility known as the Elmwood Jail (the "Jail") located at 701 S. Abel Street, Milpitas, California, 95035.

2.　　This action seeks to put an end to systematic civil rights violations committed by Defendants against individuals with disabilities who are denied accommodations of the Jail.

Defendants have failed to provide Plaintiff with reasonable accommodations by refusing to place him on a bottom bunk bed. As a result, Plaintiff was placed on the top bunk bed, fell while sleeping and injured his shoulder. Defendants' discrimination violated and continues to violate Title II of the ADA; the Unruh Civil Rights Act and the Disabled Persons Ac

3.      Defendants' acts and omissions caused Mr. Walls injury, difficulty, discomfort, and embarrassment. Mr. Walls seeks injunctive relief that requires Defendants to take into account known medical condition of an inmate before assigning him to a bunk bed. Plaintiff also requests that this Court order Defendants to pay him damages for disability discrimination, and reimburse Plaintiff's attorneys' fees, costs, and litigation expenses necessary to enforce his rights under the ADA and California Civil Rights laws.

## II. PARTIES

### A. *Plaintiff Johnny Walls*

4.      Plaintiff is a fifty-four year old man and is now, and at all relevant times mentioned in this Complaint was a resident and domiciliary of the State of California in the County of Santa Clara. Plaintiff suffers from a sleep disorder. During sleep Plaintiff experiences convulsions that cause him fall off the bed and injure himself. Thus, Plaintiff is a member of a protected class under the Americans with Disabilities Act, the Unruh Civil Rights Act and the California Disabled Persons Act.

5.      Mr. Walls has been in the criminal justice system since he was seventeen. He was in the care and custody of Santa Clara County's Elmwood Jail as an inmate during the entirety of the events stated below.

### B. *Defendant County of Santa Clara*

6.      Plaintiff is informed and believes, and based thereon alleges, that Defendant County of Santa Clara is and at all relevant times herein, was a California municipal corporation organized under the laws of California. Defendant County of Santa Clara is the owner and/or operator of the Elmwood Jail Facilities.

### C. *Defendants, Does 1 through 10, Inclusive*

7.      Does 1 through 10, inclusive, are now, and/or at all times mentioned in this Complaint were, licensed to do business and/or actually doing business in the State of California. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of

Does 1 through 10, inclusive, and for that reason, Does 1 through 10 are sued under such fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

### D. *All Defendants*

8. Plaintiff is informed and believes, and based upon such information and belief alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

9. Plaintiff is informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

10. Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were, members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such harmed Plaintiff

11. Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

### III. JURISDICTION

12. This Court has subject matter jurisdiction pursuant to Title 28, United States Code, Section 1331 and Title 42, United States Code, Section 12188 for Plaintiff's claims arising under the American with Disabilities Act, Title 42, United States Code, Section 12101, *et seq*.

13. This Court has supplemental jurisdiction pursuant to Title 28, United States Code, Section 1367, over Plaintiff's claims under the California Unruh Civil Rights Act (Cal. Civ. Code §§ 51, et. seq.), the Disabled Persons Act (Cal. Civ. Code §§ 54-54.3).

## IV. VENUE

14. Venue for this matter properly lies in the Northern District of California under Title 28, United States Code, Sections 1391(b)-(c) and 1441(a).

## V. INTRADISTRICT

15. This case should be assigned to the San Jose intradistrict as Defendants and the Santa Clara County's Elmwood Jail are located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## VI. FACTS

16. Mr. Walls was in and out of the jail system throughout his adult life. Mr. Walls suffers from a sleep disorder causing him convulsions during his sleep. The jail authorities were aware of Mr. Walls' disorder and always assigned him to a bottom bunk bed. However, during Mr. Walls' last time in custody, he was assigned to the upper bunk bed despite Plaintiff's request for accommodation and the fact that Defendants were aware of Plaintiff's condition. On or about the night of July 17, 2015 Plaintiff had convulsions while asleep and rolled off the top bed. This fall resulted in injury to Plaintiff's right shoulder and right side of his head. Based on Mr. Walls' criminal history it is more likely than not that he will be placed in custody again.

## VII. FIRST CAUSE OF ACTION

**Violation of 42 U.S.C. §§ 12131, *et seq.* - Title II of the Americans with Disabilities Act (Against all Defendants and Each of Them)**

17. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

18. Effective January 26, 1992, Plaintiff is entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. Title II, Subpart A prohibits discrimination by any "public entity", including any state or local government, as defined USC Section 12131, Section 201 of the ADA.

19. Pursuant to 42 USC Section 12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to

discrimination by any such entity. Plaintiff was at all times relevant herein a qualified individual with a disability as therein defined.

20. Defendants have failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove, including denial of "full and equal" access to the Jail's sleeping accommodations. As a proximate result of Defendants' actions and omissions, Defendants have knowingly and intentionally discriminated against Plaintiff, in violation of Title II of the ADA, and of the regulations adopted to implement the ADA.

WHEREFORE, Pursuant to 42 U.S.C. § 1213, 29 U.S.C § 794a, and the remedies, procedures, and rights set forth and incorporated therein Plaintiff requests relief as set forth below.

### VIII. SECOND CAUSE OF ACTION

**Violation of California Civil Code §§ 51, *et seq.* - the California Unruh Civil Rights Act**
**(Against all Defendants and Each of Them)**

21. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

22. Defendants are also violating the Unruh Civil Rights Act, California Civil Code § 51, in that the conduct alleged herein constitutes a violation of various provisions of the Americans with Disabilities Act (hereafter "ADA"), 42 U.S.C. §§ 12101, *et seq.,* as set forth above. California Civil Code § 51(f) provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

23. Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

24. Plaintiff is also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests relief as set forth below.

## IX. THIRD CAUSE OF ACTION

### Violation of Cal. Civ. Code §§ 54, *et seq.* - the California Disabled Persons Act

**(Against all Defendants and Each of Them)**

25. Plaintiff incorporates by reference the allegations foregoing allegations as if set forth fully herein.

26. Defendants are also violating California Civil Code §§ 54, *et seq.* in that Defendants' actions are a violation of the Americans with Disabilities Act. Any violation of the Americans with Disabilities Act is also a violation of California Civil Code § 54.1.

27. Plaintiff is also entitled to damages under California Civil Code § 54.3 for each offense.

28. Plaintiff is also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests relief as set forth below.

## X. FOURTH CAUSE OF ACTION

### Declaratory Relief

**(Against all Defendants and Each of Them)**

29. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

30. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and are informed and believe that Defendants deny that the Jail Defendants own, operate, and/or controls, fails to comply with applicable laws including, but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.* California Civil Code §§ 51, *et seq.,* and California Civil Code §§ 54, *et seq.* prohibiting discrimination against physically disabled individuals.

31. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff requests relief as set forth below.

## *RELIEF REQUESTED*

WHEREFORE, Plaintiff prays for judgment as follows:

1. A preliminary and permanent injunction to prohibit Defendants from violating the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.,* California Civil Code §§ 51, *et seq.* and California Civil Code §§ 54, *et seq.*

2. A declaration that Defendants are owning, maintaining and/or operating the Elmwood Jail in a manner which discriminates against physically disabled individuals and which fails to provide access for persons with disabilities as required by law;

4. Damages in an amount to be determined by proof, including all applicable statutory damages;

5. An award of reasonable attorneys' fees, expenses, and costs of suit as provided by law;

6. For pre-judgment interest to the extent permitted by law;

7. Such other and further relief as the Court deems just and proper.


Dated: December 4, 2016          */s/ Irene Karbelashvili*
                                 Irene Karbelashvili, Attorney for Plaintiff
                                 JOHNNY WALLS


## *DEMAND FOR JURY TRIAL*

Plaintiff hereby demands a trial by jury.


Dated: December 4, 2016          */s/ Irene Karbelashvili*
                                 Irene Karbelashvili, Attorney for Plaintiff
                                 JOHNNY WALLS